UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------------X
Lior Argy,

                Plaintiff,

     -against-

Northland Group Inc.,

                Defendant.
--------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

      Plaintiff (hereinafter referred to as "Plaintiff" or "Argy"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against Defendant Northland Group Inc. (hereinafter "Defendant" or "Northland."), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA").

## PARTIES

2.      Argy is a natural person and resident of the State of Florida, County of Broward, residing at 209 NW 5th Ave Hallandale, Florida 33009. At all relevant times herein, Argy maintained his residence at this address.

3.      Upon information and belief, Northland is a corporation incorporated under the laws of the State of Minnesota, and authorized to conduct business in the State of Florida. Upon further information and belief, Northland is engaged in the business of collecting incurred debts, and

1

alleged debts incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 7831 Glenroy Rd, Suite #250, Edina, Minnesota 55439, Hennepin county.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.northlandgroup.com, Defendant informs visitors to the site "We are a recognized leader in late stage receivables management as a result of our unique collection strategies, highly-trained staff and years of experience" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

6. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

2

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Plaintiff allegedly incurred a debt to Home Depot, account number xxx5897.

11. Plaintiff filed for bankruptcy on December 23, 2011, with the U.S. Bankruptcy Court for the Southern District of Florida. The case number assigned was 11- 44986.

12. Plaintiff included the Home Depot account (hereinafter referred to as the "Alleged Debt") as a creditor in said bankruptcy. See Exhibit A attached hereto and incorporated herein by reference.

13. The Bankruptcy Court ordered the discharging of the debtor on March 30, 2012, and the case was closed on June 8, 2012.

14. On or about January 5, 2013, Defendant sent a letter to Plaintiff attempting to collect the Alleged Debt.

15. Defendant knew or should have known that this debt was discharged in bankruptcy and was not collectable.

16. Defendant had no legal right to collect the Alleged Debt and misrepresented in its collection letter that it was allowed to collect the Alleged Debt, and that the Alleged Debt was collectable. See Exhibit B attached hereto and incorporated herein by reference.

17. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

18. The foregoing action by Defendant violated 15 U.S.C. §1692e(2), which prohibits misrepresenting the character, amount or legal status of the alleged debt.

19. The aforementioned action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

20. The abovementioned action by Defendant violated 15 U.S.C. §1692f(1) which prohibits attempting to collect an amount not authorized by law.

21. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

22. As a direct consequence of the Defendant's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692e

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representation and means in attempt to collect the Alleged Debt.

25. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692e(2)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

4

27. The Defendant's conduct violated 15 U.S.C. §1692e(2) in that the Defendant misrepresented the legal status and amount of the Alleged Debt.

28. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged, and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692e(10)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representation and deceptive means in attempt to collect the Alleged Debt.

31. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692f(1)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. The Defendant's conduct violated 15 U.S.C. §1692f(1) in that the Defendant attempted to collect an amount not authorized by law.

34. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

35. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lior Argy demands judgment from the Defendant Northland Group Inc, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 21, 2013

Respectfully submitted,

By: ____s/ Jerald Alan Belofsky____
Jerald Alan Belofsky,Esq(249262)
Fredrick Schulman & Associates
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
P. (212) 796-6053
F. (212) 951-7379
info@fschulmanlaw.com

# EXHIBIT A

B6F (Official Form 6F) (12/07) - Cont.

In re **Lior Argy** , Case No. _____
                                   Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-5897<br><br>Home Depot Credit Svcs<br>POB 6925<br>The Lakes, NV 88901 | | - | Credit Card | | | | 23,898.00 |
| Account No.<br><br>Household Finance Corp<br>c/o Rolfe Y Lobello, PA<br>720 Blackstone Building<br>Jacksonville, FL 32202 | | - | 8/18/1998<br>Judgment | | | | 4,300.00 |
| Account No.<br><br>jackson arms<br>2421 hollywood blvd<br>hollywood, FL 33020 | | - | 01/1/2011<br>Loan | | X | | 100,000.00 |
| Account No. xxxx# x4779<br><br>james stevens & daniels<br>1283 college park drive<br>dover, DE 19904 | | - | 01/1/2011<br>Credit | | X | | 2,491.69 |
| Account No. xxxx# xxx0014<br><br>joseph mann & creed<br>20600 chagrin blvd.<br>#550<br>shaker heights, OH 44122 | | - | 01/1/2011 | | X | | 18,029.24 |
| Sheet no. 6 of 13 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | | Subtotal<br>(Total of this page) | | 148,718.93 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy

# EXHIBIT B

 **Northland Group Inc.**

P.O. Box 390905
Minneapolis, MN 55439
Mail Code CITWC6

866-751-7115 ext 3360
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

January 5, 2013

**ACCOUNT INFORMATION**

Creditor: Citibank, N.A.
Regarding: The Home Depot Business Mastercard
Original Account #: ************5897

Lior Argy (F89987363-01/05x3A)
220 NW 5th Ave
Hallandale Beach, FL  33009-4020

**NORTHLAND ACCOUNT NUMBER**

F89987363



Your past due account balance: $24,593.89
Your settlement offer: $6,593.88

Dear Lior Argy,

The above referenced Citibank, N.A. account has been assigned to Northland Group, Inc. for collection. Citibank, N.A. is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $6,593.88, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below. Make check payable to Citi.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please read this important notice from your creditor: Whenever $600 or more in principle of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

 Pay Online: www.payments2northland.com

 Pay by Phone: Please call Northland Group, Inc. at 866-751-7115 ext 3360.
We offer check by phone, Western Union, and debit card.

 Pay by Mail: Send payments to PO Box 390905, Minneapolis, MN 55439.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

M3A-3A P2156/0107_3